UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES,

                    Plaintiff,

          – *against* –

DEMETRIO HERNANDEZ,

                    Defendant.

**ORDER**

98 Crim. 968-2 (ER)

RAMOS, D.J.:

Before the Court is Demetrio Hernandez's application for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), in light of the COVID-19 pandemic and the allegedly inadequate living conditions at the Moshannon Valley Facility.  Doc. 117.  For the following reasons, Hernandez's application is DENIED.

**I.      BACKGROUND**

On September 17, 1999 Hernandez pleaded guilty to three counts:  (1) participating in a RICO enterprise through racketeering acts of conspiracy to murder and conspiracy to distribute narcotics in violation of 18 U.S.C. §§ 1961, 1962(c), and 1962(d); (2) attemped murder in the aid of racketeering in violation of 18 U.S.C. § 1959(a)(5); and (3) conspiracy to assault in aid of racketeering in violation of 18 U.S.C. ¶ 1959(a)(6).  On May 19, 2000, he was sentenced to 396 months of imprisonment.  Doc. 69.  Hernandez is currently serving his sentence at CI Moshannon Valley ("CI Moshannon").

On June 10, 2020, Hernandez submitted a letter to the warden seeking compassionate release.  Doc. 117 at 4.  His request was denied on June 11, 2020.  *Id.* at 2–6.  Hernandez failed to appeal that decision.  Instead, he filed a motion for compassionate release with this Court on June 25, 2020, Doc. 117, which the Government opposed on June 30, 2020, Doc. 119.

II.     **LEGAL STANDARD**

        **A.  18 U.S.C. § 3582**

Although a court may not normally "modify a term of imprisonment once it has been imposed," there are certain limited exceptions, including "compassionate release." *See United States v. Roberts*, No. 18 Crim. 528, 2020 WL 1700032 (JMF), at *1 S.D.N.Y. Apr. 8, 2020 (citing 18 U.S.C. § 3582(c)(1)(A)).  A court may reduce a prisoner's sentence when it finds that there are "extraordinary and compelling reasons" that warrant such a reduction, but one of two conditions must first occur:  either the BOP Director may move the court to release the prisoner; or, alternatively, the prisoner himself may move the court, but only after he has "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A)(i).

Once a petition for compassionate release is properly brought before a court, its discretion is guided by the policy statement in U.S. Sentencing Guidelines § 1B1.13.  *See Id.* § 3582(c)(1)(A).  The Guidelines place two conditions on a determination of early release:

> (1) There are extraordinary and compelling reasons that warrant the reduction and
>
> (2) A situation where "the defendant is not a danger to the safety of any other person or to the community."

§ 1B1.13.  The Guidelines include as an "extraordinary and compelling reason" the existence of "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  *Id.* cmt. 1(A)(ii)(I).

When determining whether a prisoner is a danger to the community, section 1B1.13 refers to 18 U.S.C. § 3142(g), which in turn lists the following factors to be considered:

(1) the nature and circumstances of the offense charged . . . ;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person . . . ; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

If the sentencing court finds that "extraordinary and compelling reasons" exist, it "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).

## III.   DISCUSSION

Hernandez petitions this Court for compassionate release "due to COVID-19, the conditions we're living in (basically, one on top of the other with no social distancing) and the fact that I've served more than 65% of my time and have less than 60 months to complete my sentence."  Doc. 117 at 1.  The Government argues that Hernandez's motion should fail on both procedural and substantive grounds.  First, it argues that Hernandez has failed to exhaust his administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A).  Even if this were not the case, however, it argues that Hernandez has failed to establish an "extraordinary and compelling reason" for release and that his relief cannot be justified under the factors outlined in 18 U.S.C. § 3553(a).  The Court agrees that Hernandez has failed to exhaust his administrative remedies and therefore denies the motion.

Section 3582(c)(1)(A) statutorily mandates exhaustion of administrative remedies, stating, in relevant part, that one of the only ways to properly petition for compassionate release is "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf."  Although judge-made exhaustion requirements may be waived by a judge absent statutory authority, exhaustion requirements created by Congress almost

always may not.  *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016).  This is because, when Congress acts, "Congress sets the rules — and courts have a role in creating exceptions only if Congress wants them to."  *Id.*; *see also Bastek v. Fed. Crop Ins.*, 145 F.3d 90, 94 (2d Cir. 1998) ("Faced with unambiguous statutory language requiring exhaustion of administrative remedies, we are not free to rewrite the statutory text.").  In the case of § 3582(c)(1)(A), Congress has mandated that a prisoner may only bring a compassionate release motion on his own behalf after exhaustion or the passage of 30 days.  The plain language of the statute does not give this Court any flexibility in allowing waiver.  Therefore, as this Court and several others have previously found, § 3582(c)(1)(A)'s exhaustion requirement is mandatory.  *United States v. Demaria*, 17 Crim. 569 (ER), 2020 WL 1888910, at *4 (S.D.N.Y. Apr. 16, 2020) (collecting cases).

Here, BOP has not brought a compassionate release motion on Hernandez's behalf.  Rather, Hernandez filed this motion after his request for compassionate release was denied by the warden at CI Moshannon.  Hernandez does not contend that he appealed that decision, nor is there any record that he has done so.  As such, the Court finds that Hernandez has failed to avail himself of his right to appeal that decision, and that his motion for compassionate release is not properly before the Court.[1]

## IV.    CONCLUSION

For the foregoing reasons, Hernandez's motion is DENIED.  The Clerk of Court is respectfully directed to terminate the motion.


SO ORDERED.


Dated:    July 6, 2020
          New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

---

[1] Nor has Hernandez alleged that he has any particular health concerns that place him at heightened risk for coronavirus, or that the § 3553(a) factors counsel in favor of release.